United States District Court
Southern District of Texas
**ENTERED**
June 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS CREIGHTON SHRADER,<br>Fed. Reg. No. 08691-088,<br>　　　Petitioner,<br><br>VS.<br><br>ROBERT LACY, JR.,<br><br>　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-CV-03759 |

## ORDER OF DISMISSAL

Petitioner Thomas Creighton Shrader is a federal prisoner currently in custody of the Bureau of Prisons at the Joe Corley Detention Facility in Conroe, Texas. He filed a handwritten petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that he is challenging the way his sentence is being implemented. Doc. No. 1. The Court has carefully reviewed the petition and the substance of the claims and concludes that this Court lacks jurisdiction to consider the petition for the reasons explained below.

Shrader was convicted of stalking in 2010 in the United States District Court for the Southern District of West Virginia. *See United States v. Shrader*, Crim. No. 1:09-cv-270 (S.D. W.Va 2010). Although Shrader characterizes his claim as a challenge to the implementation of his sentence, his petition clearly attacks the validity of his conviction and sentence rather than any implementation of that sentence by the BOP. *See* Doc. No. 1. For example, he argues that his conviction for stalking was wrongly obtained because

1 / 3

the harm occurred in Texas, where his ex-fiancée resided and where he sent the letter, rather than in West Virginia, where he was located at the time he sent the letter. *Id.* at 5-6. He contends that the Southern District of West Virginia lacked jurisdiction over his stalking case and that his sentence is "ultra-vires" and "void-ab-initio." *Id.* at 6.

Contrary to Shrader's contentions, his petition challenges the validity of his underlying conviction and sentence and must be brought, if at all, in the district where he was sentenced as a motion to vacate under 28 U.S.C. § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (holding that a § 2255 motion "'provides the primary means of collateral attack on a sentence'" whereas a § 2241 petition attacks how a sentence is carried out or the authorities' determination of its duration) (quoting *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

A motion under 28 U.S.C. § 2255 should be presented to the sentencing judge. *See* Rules Governing § 2255 Proceedings in the United States District Courts, Rule 4(a). In contrast, "[o]nly the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (citations omitted). A § 2241 petition "is not a substitute for a motion under [§] 2255." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452 (citation omitted). Indeed, the Supreme Court has held that the saving clause in § 2255(e) does not apply to circumvent AEDPA's restrictions on filing § 2255 motions

2 / 3

except under extremely narrow circumstances not present here. *See Jones v. Hendrix*, 143 S. Ct. 1857, 1868 (2023).

As explained above, Shrader challenges the validity of his conviction and sentence rather than the way his sentence is being carried out. Therefore, he must bring those claims, if at all, in the sentencing court under § 2255, rather than in this Court under § 2241. This Court lacks jurisdiction to consider challenges to the validity of his conviction and sentence.

Therefore, the Court **ORDERS** as follows:

1. This petition under 28 U.S.C. § 2241 is **DISMISSED without prejudice** for lack of jurisdiction.

2. All other pending motions are **DENIED**.

3. No certificate of appealability shall issue from this judgment.

The Clerk will send a copy of this Order to the parties.

SIGNED on this _____11th_____ day of June 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

3 / 3